CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 09 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PETER DEMETRIADES, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 7:15-CV-00454 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| WYTHEVILLE SSA, LLC, et al., ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendants. ) | |
| ) | |

Plaintiffs Peter Demetriades and Michele Demetriades, proceeding pro se and in forma pauperis, bring this action against defendants Wytheville SSA, LLC ("Wythville SSA"), Dedorah Duncan, and Jerome Malinary, alleging that they violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. For the following reasons, the court concludes that the action must be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## Factual Background

On February 24, 2015, Mr. Demetriades wrote to the Social Security Administration ("SSA") office in Wytheville, Virginia (the "SSA Office"). In his letter, he sought information regarding his monthly Supplemental Security Income ("SSI") benefits from 2012, the year his benefits were reinstated, up until the date of the letter. The SSA Office supplied him with this information on March 9, 2015.

On April 3, 2015, Mr. Demetriades wrote a second letter to the SSA Office. This time, he requested a "complete breakdown of how much was paid back to the SSA" since his benefits were reinstated, copies of two checks in the amount of $2,022.00 that he sent to the SSA Office in 2010, an "explanation of how [the SSA Office] came about determining the amount of any overpayments made to [him], and an itemized breakdown of how much money ... [he] owed

from overpayments." Compl. ¶ 10. He sent a third letter to the SSA Office on May 25, 2015, reiterating his requests from the April 3, 2015 letter and indicating that he would seek legal action if his requests were not fulfilled. On June 10, 2015, the SSA Office sent Mr. Demetriades a package with all prior notices sent to him and a letter indicating that the current balance of his SSI overpayments totaled $21,945.00.

On June 23, 2015, Mr. Demetriades sent a fourth letter to the SSA Office, in which he indicated that the documents he received did not comply with his requests. Specifically, he asked for "detailed information on how the [SSA Office] obtained the information on his worker's compensation payments and who supplied the information to them, how did they come to the conclusion of the $180,601.66 as counted cash resources on November 19, 2010, and also who gave [them] the authority to do so." Id. ¶ 12. On June 23, 2015, the SSA Office replied that "Social Security as an agency obtains information from any and all sources available and will continue to do so in the future." Id. ¶ 13. The letter also indicated that it would be better for Mr. Demetriades to call or visit the office in the future.

## Procedural History

On August 24, 2015, plaintiffs filed the instant action in order to enforce defendants' compliance with FOIA. Specifically, plaintiffs seek a court order commanding defendants to produce documents regarding the SSA Office's determination on November 19, 2010 that plaintiffs had counted cash resources in the amount of $180,601.66. They name as defendants Wytheville SSA, a Virginia limited liability company, Dedorah Duncan, a manager at Wytheville SSA, and Jerome Malinary, the owner of Wytheville SSA. On October 26, 2015, plaintiffs filed a motion for summary judgment, in which they represent that Kartic Padmanabhan, Assistant United States Attorney for the Western District of Virginia, sent them

2

220 pages of materials and asked for plaintiffs to withdraw the instant action in light of these documents. In their motion for summary judgment, plaintiffs, seek damages for the first time in the amount of $903,008.30. On November 5, 2015, Mr. Padmanabhan, on behalf of the federal government, filed a motion to dismiss the complaint, asserting that the SSA is the only proper defendant in this FOIA action and arguing that plaintiffs failed to state a claim against the SSA under FOIA. In his pleading, Mr. Padmanabhan indicates that he does not represent any of the named defendants in the instant action. In response to the motion to dismiss, plaintiffs maintain that their lawsuit is solely against the named defendants, not the SSA.

## Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. Philips v. Pitt County Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009). To survive dismissal for failure to state a claim, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

3

A pro se complaint must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). "Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." Linder v. Friedman, No. 1:12-3051-RMG-SVH, 2012 WL 6642122, at *1 (D.S.C. Nov. 30, 2012) (citing Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990)).

## Discussion

Having reviewed plaintiffs' complaint, the court concludes that their allegations fail to state a plausible claim against defendants under FOIA. FOIA only applies to agencies and departments of the federal government and is not applicable to private entities. See Hutchins v. Nat. Endowment for Arts, 37 F.3d 1494, at *3 (4th Cir. 1994) (unpublished decision) ("The FOIA applies only to Federal agencies. Because [defendant] is a private non-profit organization, [plaintiff] cannot rely on the FOIA to obtain information from [defendant]); see also Hodge v. Stephens, No. 12-CV-01988-AW, 2013 WL 398870, at *7 (D. Md. Jan. 31, 2013), aff'd, 533 F. App'x 344 (4th Cir. 2013) (dismissing plaintiff's in forma pauperis complaint for failure to state a claim because "FOIA requires federal agencies to make certain information available to the public, but neither Lieutenant Stephens nor any other Defendant is a federal agency"). Upon review of the government's motion to dismiss, it is the court's understanding that Wytheville SSA is a private limited liability company that leases the field office property to the SSA and has no involvement in the SSA's operations or plaintiffs' claims regarding Mr. Demetriades' SSI benefits. Moreover, even if the court could find that the individual defendants worked for the SSA, FOIA also does not apply to individual federal employees. See, e.g., Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006); Thompson v. Walbran, 990 F.2d 403, 405 (8th Cir.

4

Case 7:15-cv-00454-GEC   Document 22   Filed 05/09/16   Page 4 of 5   Pageid#: 499

1993); Petrus v. Bowen, 833 F.2d 581, 582-83 (5th Cir. 1987). Despite knowledge as to the improperness of the named defendants in this case, plaintiffs adamantly insist that their claims are solely against Wytheville SSA, its owner, and its manager. However, the only proper defendant in this FOIA action is the SSA. Consequently, plaintiffs' allegations do not state a plausible claim for relief under FOIA.

## Conclusion

For the foregoing reasons, the court concludes that plaintiffs have failed to state a claim for relief under FOIA, which warrants dismissal of their complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to plaintiffs and all counsel of record.

DATED: This 9th day of May, 2016.

/s/ Glen Conrad
Chief United States District Judge